IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY BRYANT GERHARDT, SR., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 4:09-CV-01159 |
| MATTHEW JOHN BREIDENBAUGH, | § | |
| MARTHA JEAN CURREY, | § | |
| MEDTRONIC, INC., MEDTRONIC | § | |
| INTERNATIONAL TECHNOLOGY, | § | |
| INC., and MEDTRONIC PUERTO | § | |
| RICO OPERATIONS CO., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION FOR EXPEDITED RULING
AND REQUEST FOR HEARING**

1. On April 27, 2009, Plaintiff, GARY BRYANT GERHARDT, SR., filed his Motion for Remand in the above styled and numbered case. *See* Appendix A, Plaintiff's Motion to Remand.

2. Plaintiff requests expedited ruling on his Motion to Remand. While pending in this court, Plaintiff's case is subject to transfer to the U. S. District Court for the District of Minnesota. *See, e.g., In re Medtronic, Inc. Sprint Fidelis Leads Products Liability Litigation*, MDL No. 08-1905 (D. Minn.) (RHK/JSM) ("MDL-1905 Court"). Defendants have noted that "Medtronic intends to promptly provide notice to the JPML that this matter is related to the MDL proceeding in accordance with the JPML's tag-along rules. Medtronic expects that this action will likewise be deemed a 'tag along action' and transferred by the JPML shortly to MDL No. 1905." *See* Defendants' Notice of Removal ("DNOR"), para. 5.

3. In his Plaintiff's Original Petition ("POP"), Plaintiff, a citizen of Texas, asserts legally

1

cognizable claims for negligence and violations of the Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA") against non-diverse defendants, Matthew John Breidenbaugh ("Breidenbaugh" or "Defendant Breidenbaugh") and Martha Jean Currey ("Currey" or "Defendant Currey"), and additional claims for negligent misrepresentation and intentional infliction of emotional distress against Currey. *See* DNOR, Exhibit B, POP, paras. 200-227. Plaintiff's Fidelis Lead has already failed and been surgically replaced. *Id.* at paras. 118-124. There is no significant economy and efficiency in judicial administration by making the Plaintiff and Defendants wait for the MDL-1905 Court to consider this straight-forward motion. *See, e.g., Mauck v. Warner-Lambert Co.*, 2001 U.S. Dist. LEXIS 5919 (N. D. Tex. May 4, 2001) (Expedite ruling on remand motion over defendant's request to defer until transfer to Rezulin MDL is completed.); *see also* USDC SDTX LR 7.3 (***Opposed motions will be submitted to the judge twenty days from filing*** without notice from the clerk and without appearance by counsel.) (Emphasis added.). The policies of justice and efficiency demand that the threshold issue of federal subject-matter jurisdiction be promptly decided. *See, e.g., Rio de Janeiro of the Federative Republic of Braz. v. Philip Morris Cos.*, 1999 U. S. Dist. LEXIS 21958, 5-6 (E.D. Tex. Sept. 14, 1999) *citing Steel Co. v. Citizens for a Better Environment*, 523 U. S. 83 (1998) (citations omitted) ("This Court's responsibility to determine federal subject matter jurisdiction as a 'threshold' issue 'springs from the nature and limits of the judicial power of the United States and is inflexible and without exception'".). Plaintiff's motion to remand should be promptly decided by this Court.

4. Nowhere in their Notice of Removal do Defendants assert Plaintiff's claims against Breidenbaugh and Currey are barred by facts or law more aptly decided by an MDL Court. *See, e.g., Coward v. Wyeth*, 2003 U.S. Dist. LEXIS 26246 (S.D. Tex. Sept. 17, 2003); *Brown v. Wyeth*, 2003

U.S. Dist. LEXIS 27281 (S. D. Tex. Oct. 13, 2003). In *Coward* and *Brown*, Fen-Phen cases before Rosenthal, J., in motions to remand, Judge Rosenthal considered the viability of plaintiffs' causes of action against their non-diverse prescribing physicians and clinics and Defendant Wyeth's sales representatives. *Id. for both.* In spite of an MDL being established some 3 years before[1], the *Coward* and *Brown* Courts decided the issues which it did not need to defer to the MDL Court's expertise; i.e., application of Texas' limitations for claims against prescribing physicians and clinics and Texas' common law regarding independent duty of corporate employees. *Id.*

5. The *Coward* and *Brown* Courts did stay proceedings to permit transfer to the MDL Court to allow the MDL to consider the fraudulent joinder of the "phentermine"[2] defendants. *Id.* However, Defendant Wyeth asserted a ***nationwide strategy*** by plaintiffs to name "phentermine" defendants solely to thwart removal. *Id.* Because phentermine was never recalled, Wyeth correctly asserted there was no scientific basis for recovering against the "phentermine" defendants. *Id.* The *Coward* and *Brown* Courts found the MDL was the appropriate forum to consider the viability of plaintiffs' claims against the "phentermine" defendants in the face of Wyeth's assertion there was a ***nationwide strategy*** to raise claims against them merely to thwart removal. *Id.* In this narrow instance, the

---

[1] *See, e.g.*, 2000 U.S. Dist. LEXIS 12275, MDL No. 1203, *In re: Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation.* By January 2003, the MDL-1203 Court had issued some 2,689 Pretrial Orders. *See, e.g.*, http://www.fenphen1203.com/748453.html. Visited April 25, 2009. In contrast, the MDL-1905 Court has issued 17 Pretrial Orders since its formation. *See, e.g.*, http://www.mnd.uscourts.gov/MDL-Fidelis/orders-minutes.shtml. Visited April 25, 2009. The scope of the MDL-1905 Court's consideration of matters regarding nationwide implication have been limited to preemption and protective orders. It has not considered improper joinder.

[2] Phentermine, a diet-drug, was manufactured by numerous companies and often prescribed with Pondimin and Redux, which were manufactured by Wyeth. Although Pondimin and Redux were recalled in July 1997, Phentermine is still on the market today.

3

*Coward* and *Brown* Courts found this ***nationwide issue*** likely to be common to many other diet drug cases and that judicial economy and consistency dictated it not be re-litigated countless times. *Id. citing* 28 U.S.C. § 1407(a). There is no such nationwide strategy at work here. Plaintiff's claims against Breidenbaugh and Currey implicate the straight-forward application of Texas law to their causes of action. Plaintiff's motion to remand should be promptly decided by ***this Court***.

6.  In their Notice of Removal, Defendants failed to show by clear and convincing evidence that Breidenbaugh or Currey were fraudulently joined. *Parks v. New York Times Co.*, 308 F2d. 474, 478 (5th Cir. 1962), *cert. denied* 376 U. S. 949 (1964). There is no diversity of citizenship in this case and neither this federal court nor any other federal court have subject-matter jurisdiction over Plaintiff's causes of action. *Rio de Janeiro of the Federative Republic of Braz.* at 5-6 ("If the case is not properly before this Court, then it does not belong before any federal court, including the MDL Panel....").

7.  In spite of pending transfers to an MDL Court, other Texas federal courts, including the Southern District of Texas, have promptly remanded cases where the transferor court found it lacked subject-matter jurisdiction. *See, e.g., Garcia v. Merck & Co.*, 2006 U.S. Dist. LEXIS 12271 (S.D. Tex. Mar. 7, 2006) *and Salinas v. Merck & Co.*, 2006 U.S. Dist. LEXIS 12196 (S. D. Tex. Mar. 7, 2006) (Court *sua sponte* finding no subject-matter jurisdiction remands both cases although both subject to transfer to the Vioxx MDL, MDL-1657.); *Eller v. Merck & Co.*, 2005 U. S. Dist. LEXIS 41530 (S. D. Tex. Jan. 7, 2005) (Court granted motion for remand although "Merck anticipates that an MDL will be established".); *see also Barragan v. Warner-Lambert Co.*, 216 F. Supp. 2d 627 (W. D. Tex. 2002) (Court granted motion for remand in face of defendants' request that "this Court should defer ruling on the remand motion to allow the MDL[-1348] judge to consider the motion."

The Court found "the issue presented here ...is not a close one, and thus there is no reason to delay remand...."); *Rio de Janeiro of the Federative Republic of Braz. v. Philip Morris Cos.*, 1999 U.S. Dist. LEXIS 21958 (E. D. Tex. Sept. 14, 1999) (Court granted motion for remand over defendant's urging for stay and case listed on CTO-1 as tagged for transfer to MDL No. 1279.); *Mauck v. Warner-Lambert Co.*, 2001 U.S. Dist. LEXIS 5919 (N. D. Tex. May 4, 2001) (Court remanded in spite of the case being listed on a conditional transfer order for transfer to the Rezulin Multi-district Litigation Court.).

8. Plaintiff therefore asks the Court to set Plaintiff's Motion to Remand for hearing at the first opportunity.

9. This request for hearing complies with Local Rule LR7.8.

Respectfully submitted,

*David W. Alexander* (signature)
David W. Alexander
Texas Bar No. 24029417
John T. Boundas
Texas Bar No. 00793367
James L. Doyle II
Texas Bar No. 06094450
**WILLIAMS KHERKHER HART BOUNDAS, LLP**
8441 Gulf Freeway, Ste. 600
Houston, Texas 77017
Telephone:  (713) 230-2200
Facsimile:  (713) 643-6226

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

I certify that on April 24, 2009, I conferred with Jonathan Skidmore, attorney for Defendants, and he opposes Plaintiff's Motion for Expedited Ruling and Request for Hearing.

*David W. Alexander*
DAVID W. ALEXANDER

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of Plaintiff's Motion for Expedited Ruling and Request for Hearing was served on Jonathan Skidmore and Casey L. Moore, attorneys in charge for Defendants, and whose address and telephone number are, Fulbright & Jaworski, L. L. P., 2200 Ross Avenue, Suite 2800, Dallas, Texas 75201-2784, Tel: (214) 855-8000, Fax: (214)855-8200, by e-mail to jskidmore@fulbright.com and cmoore@fulbright.com on April 27, 2009.

*David W. Alexander*
DAVID W. ALEXANDER