IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY BRYANT GERHARDT, SR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-cv-01159 |
| | § | |
| MATTHEW JOHN BREIDENBAUGH, | § | (Pending Transfer to *In re Medtronic, Inc.,* |
| MARTHA JEAN CURREY, | § | *Sprint Fidelis Leads Products Liability* |
| MEDTRONIC, | § | *Litigation* (MDL No. 08-1905) (D. Minn) |
| INC., MEDTRONIC INTERNATIONAL | § | (RHK/JSM)) |
| TECHNOLOGY, INC., and | § | |
| MEDTRONIC PUERTO RICO | § | JURY DEMANDED |
| OPERATIONS CO., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR EXPEDITED RULING AND REQUEST FOR HEARING**

Defendants Medtronic, Inc., Medtronic International Technology, Inc., and Medtronic Puerto Rico Operations Co. (collectively, "Defendants" or "Medtronic Defendants"), respectfully submit this Memorandum in Opposition to Plaintiff's Motion for Expedited Ruling and Request for Hearing ("Pl. Mot. Exp. Ruling"). As discussed more fully below, the Defendants have already identified this case to the Judicial Panel on Multidistrict Litigation ("JPML") as a tag-along to *In re: Medtronic, Inc., Sprint Fidelis Leads Products Liability Litigation* (MDL No. 1905) (D. Minn.), and expect the JPML to issue an order shortly transferring this case to the MDL Court. Moreover, the fraudulent joinder issues presented by Plaintiff's Motion to Remand are virtually identical to fraudulent joinder issues raised in other litigation that likewise has been, or shortly will be, transferred to MDL No. 1905 — including the *Anderson* case that the Medtronic Defendants recently removed to the Western District of Texas and that the Williams, Kherkher firm recently moved to remand. Accordingly, in the interest of judicial economy and

efficiency, this Court should deny Plaintiff's Motion for Expedited Ruling and Request for Hearing ("Mot. for Exped. Ruling") and stay disposition of Plaintiffs' Motion to Remand so that the fraudulent joinder issues presented here and in other litigation may be decided by the MDL Court following transfer to MDL No. 1905.

## BACKGROUND

1. On April 20, 2009, Defendants removed this action to this Court from the District Court of Harris County, Texas, 55th Judicial District on the grounds that the non-diverse defendants, Matthew John Breidenbaugh and Martha Jean Currey, were fraudulently joined, and thus that this Court has subject matter jurisdiction under 28 U.S.C. § 1332. The Defendants promptly identified this case to the JPML as a tag-along to MDL No. 1905 (*see* Exhibit A), and the Defendants expect the JPML to issue an order shortly transferring this case to the MDL.

2. On April 27, 2009, Plaintiff filed his Motion to Remand this case to state court. Plasintiff's Motion rests on the contention that Mr. Breidenbaugh and Ms. Currey — sales representatives employed by Medtronic USA, Inc. — were not "fraudulently joined," and thus that this Court does not have subject matter jurisdiction under the diversity jurisdiction statute. However, virtually identical issues of fraudulent joinder are presented by the *Anderson* case,[1] which the Williams Kherkher law firm (counsel for Plaintiff here) filed in state court in Bexar County, Texas, and which the Medtronic Defendants have removed to the United States District Court for the Western District of Texas.

---

[1] Defendants removed *Keith E. Anderson v. Syam Challapalli, Medtronic, Inc., Medtronic International Technology, Inc., and Medtronic Puerto Rico Operations, Co.*, Civil Action No. 5:09-CV-00284 to the United States District Court for the Western District of Texas, San Antonio Division on April 13, 2009; *Anderson* is now pending before Judge Fred Biery. Plaintiff in *Anderson* filed a Motion to Remand on April 22, 2009, the Medtronic Defendants filed their Memorandum in Response on May 4, and Plaintiff filed a Reply on May 7. Copies of the Medtronic Defendants' Notice of Removal, and of the briefs filed in connection with the Motion to Remand in *Anderson* are attached hereto as Exhibits B, C, D, and E. (Exhibits B, C, D, and E are attached without supporting Exhibits or Appendices due to the voluminous nature of the documents, but should the Court desire a copy of the Exhibits or Appendices, such will be provided to the Court upon request.)

3. The Medtronic Defendants identified *Anderson* to the JPML as a tag-along on April 14, 2009, and on April 28, 2009, the JPML issued Conditional Transfer Order No. 30 ("CTO-30"), transferring *Anderson* to MDL No. 1905.[2] The factual allegations and legal theories asserted against the Medtronic USA sales representative in *Anderson* are virtually identical to those alleged against Mr. Breidenbaugh and Ms. Currey in this action, and just as here, the Medtronic Defendants in *Anderson* removed the case to federal court on the ground that the sales representative defendant was fraudulently joined. (*Compare Gerhardt* Notice of Removal ¶¶ 18–52 with *Anderson* Notice of Removal ¶¶ 16–36.) Moreover, just as here, Plaintiff's counsel in *Anderson* filed a Motion to Remand, contending that Plaintiff has viable claims against the sales representative defendant and thus that the sales representative defendant was not fraudulently joined. Similar fraudulent joinder issues are also raised by other litigation already pending in the MDL.

4. Because *Gerhardt* and *Anderson* and other litigation raising similar fraudulent joinder issues are pending in different District Courts, the only District Court that could decide these issues in all of the cases in which the issues are presented would be the Honorable Richard H. Kyle, who is presiding over MDL No. 1905. Accordingly, as discussed more fully below, in the interest of judicial economy and efficiency, this Court should defer ruling on the Motion to Remand so that the issues raised therein may be decided by Judge Kyle in the context of MDL No. 1905.

---

[2] On or about May 7, 2009, Plaintiff Gerhardt filed in the JPML a Notice of Opposition to the JPML's CTO-30, but Plaintiff's Notice of Opposition does not set forth any grounds for opposing transfer of this case to the MDL and we are not aware of any good faith basis for Plaintiff to oppose transfer of this case to the MDL. This case clearly relates to Sprint Fidelis Leads (*see*, *e.g.*, Petition ¶¶ 19-21), and thus clearly does "involve questions of fact that are common to the actions previously transferred to the District of Minnesota and assigned to Judge Kyle," as the JPML found in CTO-30. (Copies of CTO-30 and of Plaintiff's Notice of Opposition are attached hereto as Exhibits F and G.)

# ARGUMENT

5. Transferor courts frequently exercise their power "to decline to decide a motion which challenges th[e] Court's subject matter jurisdiction while awaiting the MDL Panel's decision on transfer." *Med. Soc'y of N.Y. v. Conn. Gen. Corp.*, 187 F. Supp. 2d 89, 91 (S.D.N.Y. 2001) ("The Second Circuit has not only made it clear that a case may be transferred under the multidistrict litigation statute even after a jurisdictional challenge has been lodged, but has also intimated that allowing the transferee court to resolve the jurisdictional question may be the preferable practice.") (citing *Ivy v. Diamond Shamrock Chems. Co.*, 901 F.2d 7 (2d Cir. 1990)). *Accord*, *e.g.*, *Jackson v. Johnson & Johnson, Inc.,* No. 01-2113-DA, 2001 WL 34048067, at *2–3, *6 (W.D. Tenn. Apr. 2, 2001) (unpublished) ("The general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the JPMDL has transferred the case to the MDL [court].") (citing *In re Ivy*, 901 F.2d at 9). Here, of course, the Defendants have already identified this case to the JPML as a tag-along to MDL No. 1905 and the JPML is expected to issue an order shortly transferring this matter to the MDL.

6. Plaintiff nevertheless argues that "[t]here is no significant economy and efficiency in judicial administration by making the Plaintiff and Defendants wait for the MDL-1905 Court to consider this straight-forward motion." (Mot. for Exped. Ruling at ¶ 3.) But Plaintiff's bald assertion that "neither this federal court nor any other federal court have subject-matter jurisdiction" here (Mot. for Exped. Ruling at ¶ 6) obviously begs the issue. As Plaintiff's own cases recognize, "[t]he MDL Panel clearly has the authority to transfer this case despite a jurisdictional objection," and "[t]he transferee judge certainly has the power to determine the question of remand . . . ." *Coward v. Wyeth*, No. 03-2458, 2003 U.S. Dist. LEXIS 26246, *8 (S.D. Tex. Sept. 17, 2003) (citations omitted); *Brown v. Wyeth*, No. 03-2757, 2003 U.S. Dist.

LEXIS 27281, *9 (Oct. 13, 2003) (citations omitted) (both cases cited in Pl. Mot. Exp. Ruling at ¶¶ 4–5). Thus, "[t]he question is not whether there will be a decision on the jurisdictional issue, but rather which court is in the best position to decide it — this Court or the MDL court." *Med. Soc'y*, 187 F. Supp. 2d at 92. And "[t]he benefits of transferring [this] case[] 'to the MDL — the body established by Congress specifically to ameliorate the duplicative litigation and the valuable waste of judicial resources' — are obvious." *Coward*, 2003 U.S. Dist. LEXIS 26246, * 9 (citation omitted); *Brown*, 2003 U.S. Dist. LEXIS 27281, *10 (citation omitted).

7. Moreover, Plaintiff's assertion that there is "no significant economy and efficiency" to be achieved by deferring a ruling to permit the MDL Court to decide the Motion to Remand ignores the facts that, as discussed above, (i) virtually identical issues are presented by the *Anderson* case removed to the Western District of Texas, and (ii) similar issues are presented, or are likely to arise, in other litigation before Judge Kyle in the MDL. *See Ivy*, 901 F.2d at 9 (recognizing that "[c]onsistency as well as economy is . . . served" by having jurisdictional objections "heard and resolved by a single court").

8. "The decision whether to stay proceedings is discretionary and the exercise of discretion is guided by the policies of justice and efficiency." *Coward*, 2003 U.S. Dist. LEXIS 26246, * 9; *Brown*, 2003 U.S. Dist. LEXIS 27281, * 10. Here too, judicial economy would clearly best be served by deferring a ruling on Plaintiff's Motion to Remand to permit the fraudulent joinder issues raised here and in *Anderson* and other litigation to be decided by the MDL Court. "Permitting the MDL court to decide" the fraudulent joinder issue "would minimize the duplication of judicial resources and promote . . . uniformity and consistency," which is "the foundation" of "the multidistrict statutory scheme." *Med. Soc'y*, 187 F. Supp. 2d at 92.

9. Moreover, staying disposition of Plaintiff's Motion to Remand to permit the MDL Court to address the fraudulent joinder issues in this case, in *Anderson*, and in other litigation transferred to the MDL would serve the interests underlying the MDL statute because the MDL Court by its nature will "develop[] a broader perspective than is usually available to individual transferor courts in dealing with widespread efforts fraudulently to join [defendants] as a tactic to thwart removal of cases to federal court." *In re Diet Drugs Prod. Liab. Litig.,* MDL No. 1203 PTO 2984 at 6–7 (E.D. Pa. Aug. 25, 2003) (attached as Ex. H). Because fraudulent joinder issues frequently "have common patterns as well as ramifications far beyond any specific case . . . these issues are best resolved in a uniform manner [by the MDL court]." *Id.* In addition to the benefit of uniform analysis by the MDL Court of the improper joinder issues raised in this action and *Anderson*, the MDL Court is also familiar with the preemption issues implicated by the claims in this action brought against the Medtronic Defendants but also against Defendants Breidenbaugh and Currey and the sales representative defendant in *Anderson*. *In re Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig.*, MDL No. 1905, 592 F. Supp.2d 1147 (D. Minn. 2009).

10. The cases cited by Plaintiff are not to the contrary. Thus, for example, Plaintiff argues that in *Coward* and *Brown*, Judge Rosenthal declined to defer to the MDL Court concerning "application of Texas' limitations for claims against prescribing physicians and clinics and Texas' common law regarding independent duty of corporate employees" (Pl. Mot. Exp. Ruling at ¶ 4) because those issues — like Plaintiff's claims against the sales representative defendants here — "implicate the straight-forward application of Texas law" (*id.* at ¶ 5). But Judge Rosenthal actually held just the opposite — specifically noting (*Brown*, 2003 U.S. Dist. LEXIS 27281, *4–*7) that both the limitations and independent duty issues had *already* been

addressed by the MDL court, and that "[w]here, as here, the MDL court has *already* ruled on issues very similar to the issue presented in the transferor court, it is not necessary to defer the decision on that issue to the transferee judge." *Brown*, 2003 U.S. Dist. LEXIS 27281, at *8 (emphasis added). *See also Coward*, 2003 U.S. Dist. LEXIS 26246, *4–*7.[3] In *Barragan v. Warner-Lambert Co.*, 216 F. Supp.2d 627 (W.D. Tex. 2002), there likewise was no economy to be achieved by deferring decision on the motion to remand because the MDL Court *itself* had *already* decided the same issues and the "recent decisions by the MDL Court *mandate*[] that *remand* is appropriate in this action." *Id.* at 633 (emphasis added). Similarly, in both *Garcia v. Merck & Co., Inc.*, 2006 U.S. Dist. LEXIS 12271, *10 n.2 (S.D. Tex. Mar. 7, 2006) and *Salinas v. Merck & Co., Inc*, 2006 U.S. Dist. LEXIS 12196, *10 n.2 (S.D. Tex. Mar. 7, 2006), the non-diverse defendant at issue was the prescribing physician, and Judge Jack noted that the MDL Court had *already* "issued orders that support a finding that Plaintiffs could recover damages from the prescribing physician."[4]

11. The other cases cited by Plaintiff are also readily distinguishable. In *Mauck v. Warner-Lambert Co.*, No. 7:01-cv-027-R, 2001 U.S. Dist. Lexis 5919, at *4–*5 (N.D. Tex. May

---

[3] Plaintiff's arguments are also irreconcilable with *Coward* and *Brown* on the *merits* of the "independent duty" issue presented in those cases and here. As discussed more fully in the Medtronic Defendants' contemporaneously-filed Memorandum in Opposition to Plaintiff's Motion to Remand, in *Coward* and *Brown*, Judge Rosenthal held that notwithstanding plaintiffs' submission of documents that, they argued, showed that the sales representative defendants had been directly involved with the promotion of the product at issue, "[a]s a matter of law, there is no reasonable basis for [plaintiff] to recover against the individual sales representative defendants under Texas law." *Coward*, 2003 U.S. Dist. LEXIS 26246, *6–*7; *Brown*, 2003 U.S. Dist. LEXIS 27281, *6–*7. Citing *Leitch v. Hornsby*, 935 S.W.d 114, 117 (Tex. 1996), Judge Rosenthal held that "[e]ven considering the additional documents [plaintiff] attached to his motion to remand, there is no allegation nor presentation of any facts that would create an *independent duty owing from these individual employees* to [plaintiff], *apart from the duty owing by Wyeth*, that was violated." *Coward*, 2003 U.S. Dist. LEXIS 26246, *6–*7; *Brown*, 2003 U.S. Dist. LEXIS 27281, *7.

[4] In any event, there is no suggestion in either *Garcia* or *Salinas* that the defendants asked the Court to defer making any decisions pending transfer to the MDL. Finally, *Eller v. Merck & Co.*, No. C-04-096, 2005 U.S. Dist. LEXIS 41530 (S.D. Tex. Jan. 7, 2005), does not bear on the issues presented here at all. In that case, there was not yet an MDL at the time that the motion to remand was presented (*id.* at *3, n.3), and again, there is no suggestion that the defendants even asked that decision on the motion to remand be deferred, let alone that the Court declined to do so.

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO** **PAGE 7**
**PLAINTIFF'S MOTION FOR EXPEDITED RULING AND HEARING**

4, 2001), for example, the Court accepted plaintiff's argument that it would impose a substantial hardship to have to litigate in the MDL because plaintiff was "a 75-year-old widow in poor health." *Id.* Putting aside whether *Mauck* was correctly decided,[5] Plaintiff's counsel here cannot argue that it would work a hardship to litigate these issues before Judge Kyle in MDL No. 1905 because Plaintiff's counsel *is a member of the Plaintiff's Steering Committee* for MDL No. 1905[6] and is counsel in almost 40 *other* cases pending before Judge Kyle. Moreover, in *State of Rio de Janeiro of the Federative Republic of Brazil v. Philip Morris Cos., Inc.*, No. 9:99CV196, 1999 U.S. Dist. LEXIS 21958 (E.D. Tex. Sept. 14, 1999), deferring ruling on the motion to remand apparently would not have furthered the principle of judicial economy because the legal issue — which "involves the federal common law of foreign relations" (*id.*, *4) — was not presented in any other case before the MDL.

12. In sum, as the Court explained in *Ayers v. ConAgra Foods, Inc.*, No. H-08-3723, 2009 WL 982472, at *1 (S.D. Tex. Apr. 9, 2009), "[j]udicial economy is served by a stay pending transfer if the issues involved in the remand motion are *likely* to arise in the cases that have been or will be transferred to the MDL transferee court." *Id.* at *1 (emphasis added) (citing *In re Ivy*, 901 F.2d at 9). In this case, the issues are not just *likely* to arise, but have in fact arisen due to the motion to remand filed by the same Plaintiff's counsel in *Anderson*. Accordingly, for the foregoing reasons, Defendants respectfully request that this Court stay disposition of the Motion to Remand to permit the MDL Court to decide the Motion following transfer of this case to MDL No. 1905.

---

[5] The same concern could be raised by any litigant that objects to transfer of his/her case to an MDL. The JPML obviously takes such concerns into consideration in deciding whether to grant transfer motions under 28 U.S.C. § 1407 in the first place.

[6] *See* http://www.mnd.uscourts.gov/MDL-Fidelis/steering-committee.shtml, naming Jim Doyle, with the law firm of Williams, Kherkher, Hart & Boundas L.L.P. to the Plaintiff's Steering Committee (last visited May 4, 2009) (Exhibit I); *see also* http://www.williamskherkher.com/attorneys/jim-doyle-resume.aspx, Resume of Jim Doyle (last visited May 4, 2009) (Exhibit J); Mot. to Remand, signature block regarding Jim Doyle as attorney for Plaintiff.

DATED:  May 18, 2009                    Respectfully submitted,


FULBRIGHT & JAWORSKI L.L.P.


By: /s/ Casey L. Moore _____
    Jonathan B. Skidmore
    State Bar No. 18462500
    Casey L. Moore
    State Bar No. 24055997
    Fulbright & Jaworski L.L.P.
    2200 Ross Avenue, Suite 2800
    Dallas, Texas 75201-2784
    Telephone:  (214) 855-8000
    Facsimile:  (214) 855-8200


    Joe W. Tomaselli, Jr.
    GOLDMAN ISMAIL TOMASELLI
    BRENNAN & BAUM LLP
    State Bar No. 24003064
    2828 Harwood, Suite 1730
    Dallas, Texas 75201
    Telephone: 214-563-2690

Counsel for Defendants MEDTRONIC, INC., MEDTRONIC INTERNATIONAL TECHNOLOGY, INC., and MEDTRONIC PUERTO RICO OPERATIONS CO.

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2009, I electronically filed the foregoing document with the clerk of the court for the United States District Court, Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system will send a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means or, to those who have not so consented, by certified mail, return receipt requested:

David W. Alexander
John T. Boundas
James L. Doyle II
WILLIAMS KHERKHER HART BOUNDAS L.L.P.
8441 Gulf Freeway, Ste. 600
Houston, Texas 77017
Telephone: (713) 230-2200
Facsimile: (713) 643-6226


/s/ Casey L. Moore
Casey L. Moore